IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT HANFORD DALTON

        Plaintiff,

v.                                                                                        CIV 06-0520 KBM/WPL

THE CITY OF LAS VEGAS, et al.,

        Defendants.

# MEMORANDUM OPINION AND ORDER

      The Court held a telephonic motions hearing on Tuesday, January 30, 2007 at 2:30 p.m. on three motions to dismiss (*Docs. 20, 28, & 31*). Following the motions hearing, Plaintiff manually filed on February 6, 2007 a Motion to Allow Filing of Affidavit of Les King, Esq. *(Doc. 67)*,[1] for which a notice of completion of briefing has never been filed. *See* D.N.M.LR-CIV. 7.3(b). I held off addressing the motions to dismiss to permit Plaintiff sufficient time to file a reply brief to this most recent motion. Yet none has been forthcoming, and further delay in appears unwarranted before addressing the merits.

      The Court has reviewed the motions, the memoranda submitted by the parties and the

---

[1] On August 28, 2006, the active district judges for the District of New Mexico entered Administrative Order 06-95 captioned, "IN THE MATTER OF: IMPLEMENTATION OF CASE MANAGEMENT/ ELECTRONIC CASE FILES (CM/ECF)." This Order requires that upon the implementation of the national CM/ECF system, "all documents submitted for filing in this district must be filed electronically." Our district implemented the system on January 2, 2007 only after providing all members of the bar with notice and training opportunities. Nevertheless, Counsel for Plaintiff, Mr. John A. Aragon, continues to manually file pleadings in this case, and it is my understanding that three notices of deficiency have been issued. *See District New Mexico's CM/ECF Administrative Procedures Manual*, http://www.nmcourt.fed.us/web/DCDOCS/cmecf/default.htm at § 1(a)(1), effective August 28, 2006 (*rev. December 29, 2006*). This matter will be referred to the Chief Judge for her consideration under § 1(a)(1)(2) & (3).

relevant authorities.  Insofar as the motions to dismiss are based upon a stature of limitation affirmative defense, I find that I am constrained by Tenth Circuit precedent to convert the motions into ones for summary judgment pursuant to FED. R. CIV. P. 56.

## Background

Back in 1958, Dwight D. Eisenhower served as President and a postage stamp cost a whole four cents.  According to Plaintiff Robert Dalton, that was also the year that defendants began harassing him and violating his civil rights.  In his 100-page federal Complaint filed on June 16, 2006, and in his 115-page Verified Amended Complaint filed July 26, 2006, Dalton sets forth in excruciating detail alleged injuries that he has suffered since arriving to attend school in Las Vegas, New Mexico nearly half a century ago.  The pleadings assert that

> Bob Dalton is the victim of a long running conspiracy and campaign in violation of his civil rights, conducted by the City of Las Vegas, its elected officials, police officers, land use administrators, and employees, over decades and through the course of multiple city administrations. . . .  Las Vegas has denied police protection to Mr. Dalton and created and encouraged an atmosphere in which Mr. Dalton is repeatedly threatened, assaulted, beaten, robbed, his properties are vandalized and burned, Las Vegas, itself, has repeatedly robbed Mr. Dalton by seizing, distributing to others or wantonly destroying his property with threat of force under color of law; Las Vegas repeatedly falsely arrested Mr. Dalton and repeatedly maliciously prosecuted Mr. Dalton has brought numerous civil actions constituting malicious abuse of process against Mr. Dalton, Las Vegas has refused Mr. Dalton every kind of entitlement and service from trash pickup and water service to building permits and the City has imposed and pursued payment for false and illegal bills for the services which Mr. Dalton has been denied or was never offered or provided to him and which continue as this pleading is filed.  In addition, the City has refused to pay Mr. Dalton relocation benefits for a failed maliciously abusive attempt to fraudulently condemn his property and such benefits were sustained and ordered after investigation by H.U.D.

*Doc. 2* at ¶¶ 6-7. Plaintiff 's remaining 323 paragraphs make further serious allegations including an assertion that in the late 1990's, the City began harassing and eventually killed his 80-year old neighbor "because he had allied himself with Mr. Dalton." *Id.* at ¶ 306.

Dalton brings four causes of action: Count I alleges civil rights claims under 42 U.S.C. §§ 1983, 1985 and 1986; Count II brings a civil RICO claim pursuant to 18 U.S.C. § 1961, *et seq.*; Count III alleges violations of the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et seq.*; and Count IV contends that the City failed to pay relocation expenses in connection with condemnation proceedings and thereby violated the federal Uniform Real Property Acquisition Act, 42 U.S.C. § 4654, and the New Mexico Relocation Assistance Act, N.M.S.A. § 42-3-1.

With the exception of the two defendants who have yet to file written consents to proceed,[2] all defendants have filed motion to dismiss this action with prejudice pursuant to FED. R. CIV. P. 12(b)(6). I find no reason to further delay these proceedings awaiting filing of those consents because pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties who will be affected by this ruling have consented to have me serve as the presiding judge and enter final judgment.

## Standard of Review

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint "shall contain . . . a ***short and plain statement*** of the claim showing that the pleader is entitled to relief." FED. R.

---

[2] As of today, the two defendants have filed neither written consents to proceed or any pleading other than an answer. Defendant Dave Romero, Jr. indicated at the telephonic motions hearing held on January 30, 2007 that he does so consent and will file the form. The Court only recently realized that the phone number for *pro se* Defendant Fidel Alires was inadvertently omitted from the Notice of Telephonic Hearing so he did not participate. Our records indicate that he did receive a copy of the Notice *via* mail, however, and he did not contact my chambers with a request to be included.

CIV. P. 8(a)(2) (emphasis added). As one court analogized, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Garst v. Lockheed-Martin Corp.*, 328 F. 3d 374, 378 (7th Cir. 2003).

> A party should seek to frame his averments as directly as possible; redundancy and verbosity are to be strictly avoided. Unnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage.

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1281 (3d ed. 2007) ("Averments in Pleadings to Be Simple, Concise, and Direct").

I have no doubt that the lengthy First and Amended Complaints fail to meet the Rule's mandate – the allegations often refer only to the decade (e.g. 1990's) when events took place and fail to specify the identity of the person inflicting the harm. Although Defendants have moved in the alternative for a more definite statement, I believe that resources are better spent in addressing the pleadings as they now stand. Plaintiff is represented by a licensed attorney who now twice has attempted to set forth the relevant facts and claims. I have no reason to believe that a third effort would add any greater clarity.

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept all ***well-pleaded*** allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir.2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir.1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir.2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003). Thus, Rule

4

12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that the plaintiff can prove no set of facts entitling him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957); *Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir.1994).

## Limited Conversion to a Summary Judgment Motion is Required

Among other grounds, Defendants' motions to dismiss assert a statute of limitations bar to each of the causes of action.  Even Plaintiff acknowledges that his abuse of process and equal protection claims accrued in 1989.  *Doc. 51* at 4 ("Plaintiff had *three years* from 1989 to bring suit against the City Defendants.") (emphasis in original).  In the response briefs to the motions to dismiss, however, Plaintiff maintains that the threats and illegal actions alleged in the Amended Verified Complaint caused such duress to Mr. Dalton that it "prevent[ed him] from exercising a legal remedy."  *Doc. 51* at 3; *see also Doc. 36* (the acts of Defendants "prevented Mr. Dalton from suing by extortion, duress by threats, and by economic oppression.").

Plaintiff asks that I consider an affidavit by Mr. Dalton's affidavit ("Affidavit") in connection with this proposition and consider this motion under the summary judgment standard.  Mr. Dalton's sworn testimony offered in support of his theory of tolling the statutes of limitation due to duress includes the following assertion:

> ***I was prevented and extorted by duress*** by acts and by threats of violence, threats of wrongful legal action, threats of malicious prosecution and by actual deprivation of entitlements amounting to economic oppression***, from filing suit*** against the City of Las Vegas, Danelle Smith or Steve Franken prior to June 2006 and Defendant's coercive acts and threats rose to such a level of duress that I was deprived of my freedom of will and ability to resist and act. [ ] ***The complete dominance of my will and ability to act to***

> ***sue . . . finally became complete in the years 1989 - 1992 and continued until April 2006.***

*Doc. 37* at 1 (emphasis added). Moreover, he argues that his "inability to sue in the time between 1989 and 2006 was reasonable and prudent given the City's previous acts and the atmosphere **_which continues to this day_**." *Id.* at ¶ 11 (emphasis added). Dalton further declares that "[a]lthough I somehow over came [sic] fear and depression and managed to find an attorney to help me in 2006, the extortion has continued." *Id.* at ¶ 15.

In all other aspects, the eight-page Affidavit essentially mirrors the allegations against the defendants and others that are already set forth in the Amended Verified Complaint. Thus, as to the Affidavit's recitation of defendants' alleged wrongful conduct, the Affidavit adds nothing to the analysis warranting conversion of the motions to dismiss into motions for summary judgment and should therefore not be considered. On a motion to dismiss, I am already required to treat the allegations of the complaint as true.[3] Nevertheless, Plaintiff maintains that this

---

[3] The submitted affidavit conflicts in many ways with allegations of the Amended Verified Complaint, which must be taken as true on these motions to dismiss. In the Amended Complaint, Dalton avers that he did take certain action against the City to protect his rights and the rights of others, and states that:

- he has been victimized and "has captured, caught in the act, obtained confessions from or obtained conclusive proof against over 400 perpetrators of burglaries, vandalisms, arsons, or assaults on his property before 1990." *Doc. 2* at ¶ 32. Throughout the remaining paragraphs, Mr. Dalton alleges that the Las Vegas police and other authorities have refused to take any action against them.

- However, in the 1960's, he obtained permission from the D.A. and prosecuted individuals who allegedly beat Dalton and stabbed him in the eye. *Id.* at ¶ 45.

- "In the early 1960's and 1970's" Mr. Dalton was unable to obtain building permits because he had sued the City (quoting unnamed city worker: "if you want a permit, drop your lawsuit"). *Id.* at ¶ 246.

- "Las Vegas forced Mr. Dalton into bankruptcy and attempted in a lawsuit to force him to sell the Centerblock properties . . . for $80,000 to the City's partner. . . .  Mr. Dalton and the Trustee successfully opposed this gambit by the city at considerable expense. Two years later Mr. Dalton sold the property for $240,000." *Id.* at ¶¶ 251, 271.

- "Mr. Dalton successfully resisted Las Vegas' attempts [for about 7 years] to take the real estate [at 1701

Affidavit deposition testimony should be considered because it raises a disputed material issue of fact – whether it was reasonable for Dalton to have felt such duress that he was precluded from filing suit.

Yet, at this point, I need not determine whether the alleged misconduct set forth in the Amended Complaint **_could_** result in "sufficient duress" to reasonably justify a failure to file suit within the applicable statute of limitation. That is because Defendants have asked that I take judicial notice of litigation between Plaintiff and Defendants that took place after 1989 but before the filing of this lawsuit. Attached to Defendant Franken's "Supplemental Reply" are certified copies of complaints and petitions from the Fourth Judicial District Court for the State of New Mexico, and their authenticity has not been contested. If these documents conclusively demonstrate that Dalton **_in fact_** was capable of filing grievances and suits against the defendants prior to 2006, then tolling would not apply. This is true even if a reasonable person **_could_** have

---

South Pacific] and Las Vegas dismissed and abandoned its [condemnation] lawsuit in 1989." *Id* at ¶ 13.

- Throughout the 1990's and early 2000, Mr. Dalton helped other neighbors and friends with grievances and complaints against the City and sometimes assisting them in obtaining settlements on their claims. *See id.* at ¶¶ 291-300 (Benito C DeBaca), ¶¶ 301-302 (Diana Stone), and ¶¶ 303-310 (F. William Jeutter).

- "Mr. Dalton prepared a petition signed by about 30 of the displaced persons [by the HUD project] requesting relocation moneys and compensation for all those displaced and for his own failed condemnation action," and after an investigation, compensation was indeed ordered. *Id.* at ¶ 17.

- In the early to mid 1990's, "Mr. Dalton got a restraining order from the District Court [that] told the City they could not dispose of Mr. Dalton's things [at the Elks property]." *Id.* at ¶ 99.

- "In approximately 1991, the Las Vegas City Council voted, late on a Thursday night, to bulldoze Mr. Dalton's house (located at 207 Moreno Street) to the ground. . . . Mr. Dalton obtained a restraining order from Judge Jay Harris on Sunday, narrowly averting the demolition. . . ." *Id.* at ¶ 11, ¶ 191.

- In a 2001 "contractual settlement Mr. Dalton waived his claims for wrongful entry and removal of [his gas station] property [and] the City dropped its claim for the cost of removal and promised to provide an inventory of the property that was seized and to use its best efforts to return the property." *Id.* at ¶ 167.

7

experienced a level of duress supporting tolling.

Generally, "[w]hen evaluating a Rule 12(b)(6) motion, [the court] cannot consider information outside the complaint without converting the motion to one for summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). And, under the circumstances presented here, I have struggled with a way to address the motions to dismiss without reference to outside materials. For instance, if the alleged threats and wrongful actions have continued unabated to this day as Plaintiff alleges in the Verified Complaint, what accounts for his sudden ability to now bring suit?

Yet I believe the more prudent course of action is to focus on the narrow issue of whether Plaintiff actually was able to overcome any alleged duress and take legal action prior to this federal lawsuit. Clearly, the issue of delay in filing suit is obviously apparent on the face of the 115-page Verified Amended Complaint, and it appears that Plaintiff purposefully avoided explaining the delay or implicating any tolling relief from the limitations bar. Arguably Dalton made a strategic move to only now make allegations in support of his "duress" tolling argument – essential to the viability of his claims – in what seems to be an effort to insert a disputed issue of fact in order to justify opening burdensome discovery on ***all of the events*** alleged in his pleadings over the past half century.

Intuitively, I thought that I could therefore take judicial notice of the supplemental pleadings within the context of FED. R. CIV. P. 12(b)(6) – especially here, where the supplemental pleadings stand in direct contradiction to Plaintiff's contention that Defendants' actions absolutely precluded him from taking legal action at an earlier time. I had therefore anticipated being able to issue a ruling shortly after the telephonic motions hearing.

But regardless as to whether these pleadings are considered by judicial notice of certified court copies pursuant to Federal Rule of Evidence 201 or if as attachments to an affidavit pursuant to FED. R. CIV. P. 56, they are indeed being taken under consideration by the Court. After a thorough review of the case law, I believe that I cannot properly consider those attached pleadings from the Fourth Judicial District Court, which would be central to my disposition, without converting the FED. R. CIV. P. 12(b)(6) motions into ones for summary judgment on this limited issue.[4]

In *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454 (10th Cir. 1978), the Tenth Circuit faced a similar situation. There, the trial court had dismissed an action on statute of limitations grounds. It relied on a copy of a complaint based upon the same promissory note at issue that had been filed within the applicable limitations period by the plaintiff against

---

[4] In an analogous context, the Honorable James O. Browning stated,

> If, however, a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is ***central to the plaintiff's claim***, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-42 (10th Cir. 2002) (holding that a court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute authenticity); 5(A) Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1327 (3d ed. 2004) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

*Duncan v. Citibank, N.A.*, CIV 06-246 JB/KBM, Doc. 20 (D.N.M. 2006) (Browning, J.)(emphasis added). Here, the vast majority of the alleged wrongful conduct occurred ***decades*** before the filing of this lawsuit, and the statutes of limitation would be necessarily implicated. Absent some theory such as a continuing violation or tolling, virtually all of the claims are subject to dismissal as being filed outside the limitations period.

Nevertheless, I conclude that the statute of limitations is an affirmative defense subject to waiver and therefore not "central to the plaintiff's claim." *Id.* I am unaware of any authority for the proposition that the "duress defense" must be affirmatively pleaded in the complaint simply because Plaintiff could reasonably anticipate the statute of limitations defense being raised.

different defendants. Defendants had attached that complaint from another jurisdiction to their memorandum in support of their motion to dismiss and impliedly asked the trial court to take judicial notice. The trial court found that the complaint in the other jurisdiction established that "plaintiff's failure to sue the defendant-partnership in a more timely fashion is due to a clear lack of diligence" and rejected Plaintiff's equitable tolling argument. *Id.* at 456.

I hereby take judicial notice of the supplemental pleadings submitted by Defendants which support their position that Mr. Dalton was capable of and in fact did raise these claims in litigation within the limitations period.[5] Having converted the motions to dismiss on limitations grounds into ones for summary judgment on that single issue, the parties must be given an opportunity to submit any other materials they deem relevant to the limited inquiry.

Plaintiff requests that I consider his self-serving affidavit testimony cited above, and I shall do so but only to the extent there is a factual issue as to whether he in fact did take legal action despite the alleged wrongful acts set forth in the Amended Verified Complaint. *See Doc. 52.* Similarly, in the interest of the "doctrine of completeness,"[6] I will consider any affidavit

---

[5] *See Doc. 66* (Attachments: Exhibit A – 1996 Petition, Exhibit B – 1998 Notice of Appeal & Exhibit C – 2000 Petition). Indeed, in his 1996 Petition which he signed and indicated that he was proceeding *pro se,* he asserted that the City of Las Vegas "has a long history of harassment" against him and has "pursued a personal vendetta against him." *Id.* at Exh. A at ¶31 (citing to "San Miguel County cause # 91-160-CV"). These documents also show that in a letter dated March 4, 1997 to the City Clerk, Attorney Craig B. Fretwell accused the City of "engaging in selective enforcement of its regulations to the detriment of Mr. Dalton." *Id. at* ___ (designated as Petitioner's Exhibit 3). In a handwritten letter dated April 3, 1998, Mr. Dalton requested a hearing under the City's code regarding the impounding of his "1960's Oldsmobile." *Id.* at Exh. B. In an "Petition to Deny Enforcement" filed on October 19, 2000, Dalton's attorney alleged that "[t]he City of Las Vegas is selectively enforcing NMSA 3-18-5, attempting to require of Petitioner a higher standard than practiced by the City of Las Vegas or by other building owners." *Id.* at Exh. C.

[6] 
> [T]he rule of completeness was stated succinctly by Wigmore:
> "[T]he opponent, against whom a part of an utterance has been put in, may in his turn complement it by putting in the remainder, in order to secure for the tribunal a complete understanding of the total tenor and effect of the utterance." 7

10

testimony from Leslie C. King, the successor attorney for the Dalton in his bankruptcy case here in the District of New Mexico, insofar as it bears on the limited factual issue under inquiry.  *See Doc. 27.*[7]  **Mr. Dalton is on notice, however, that I will accept further evidence in the context of summary judgment solely on the following issue:  *Did Mr. Dalton or his authorized agent in fact file grievances or lawsuits against the defendants from 1989 to the present?*** As to all other issues and theories for dismissal that have been raised, I will be considering only the sufficiency of the allegations made in the Amended Verified Complaint.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  For the reasons stated at the telephonic motions hearing, Defendant Arthur Steve Lucero's Motion to Dismiss Plaintiff's Complaint *(Doc. 31)* is well taken and will be granted.

2.  For the reasons stated at the telephonic motions hearing, Plaintiff cannot obtain relief from the statute of limitations bar on a "continuing violations" theory because he has alleged only discreet acts.  *See McCormick v. Farrar*, 147 Fed. Appx. 716, 722 (10th Cir. 2005).

3.  Only as to the issue of whether Plaintiff did in fact take any legal action against defendants prior to filing this federal complaint, the motions to dismiss are converted to motions brought pursuant to FED. R. CIV. P. 56.  The parties shall file any other evidence they wish me to

---

> J. Wigmore, Evidence in Trials at Common Law § 2113, p. 653
> (J. Chadbourn rev. 1978).  The  Federal Rules of Evidence
> have partially codified the doctrine of completeness in Rule
> 106. . . .

*Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171-172 (U.S. 1988) (footnote omitted).

[7] According to Plaintiff, King's testimony demonstrates that Mr. Dalton's estate was solvent, and he paid all claims with interest.  Just how that showing is relevant to Dalton's ability to file suit is not readily apparent.

consider on this limited issue no later than May 17, 2007.

   4.  The remaining issues raised in the motions to dismiss *(Docs. 20, 25 & 28)* will remain in that posture, and they are hereby taken under advisement until such time as I can rule on the issue converted to the summary judgment context.

                      _____
                        UNITED STATES MAGISTRATE JUDGE